UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TROY HOWARD, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:04-CV-111RM |
| ) | |
| D. SAXTON, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

Troy Howard submitted a complaint under 42 U.S.C. § 1983 against Denise Saxton, Jail Commander of the Tippecanoe County Jail. The court screened the complaint pursuant to 28 U.S.C. § 1915A and allowed Mr. Howard leave to proceed against the defendant in her personal capacity for damages on his claim that Ms. Saxton denied him adequate medical care and a medical diet. Ms. Saxton moves for summary judgment, pursuant to FED. R. CIV. P. 56, on the questions of whether she was personally involved in denying Mr. Howard insulin and his medically prescribed diet. Mr. Howard has responded to the motion, and Ms. Saxton filed a reply.

*Summary Judgment Standard*

The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. Outlaw v. Newkirk, 259 F.3d 833, 836-837 (7th Cir. 2001). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

USDC IN/ND case 3:04-cv-00111-RLM-CAN   document 54   filed 10/06/05   page 2 of 6

fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. Doe v. R.R. Donnelley & Sons, Co., 42 F.3d 439, 443 (7th Cir. 1994). The non-moving party must then set forth specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to a judgment as a matter of law. Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986). A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).

In making this decision, the court draws every reasonable inference from the record in the light most favorable to the non-moving party. Haefling v. United Parcel Serv., Inc., 169 F.3d 494, 497 (7th Cir. 1999). The non-moving party must support its contentions with admissible evidence and may not rest upon mere allegations in the pleadings or conclusory statements in affidavits. Celotex v. Catrett, 477 U.S. at 324. The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to its case on which that party will bear the burden of proof at trial. The production of one scintilla of evidence will not suffice to oppose a motion for summary judgment. Anderson v. Liberty Lobby, 477 U.S. at 252.

*Discussion*

Ms. Saxton contends that Mr. Howard cannot prove that she was deliberately indifferent to his medical needs. Deliberate indifference is an element of a

2

claim for a denial of medical treatment. *See* Farmer v. Brennan, 511 U.S. 825, 834 (1994). Without evidence of deliberate indifference, summary judgment for Ms. Saxton is required. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. at 834. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000).

Mr. Howard declares that Ms. Saxton is the jail supervisor. He declares he is a diabetic requiring insulin and a proper diet. He alleges that upon his arrival at the jail he notified Ms. Saxton that he had been prescribed insulin and a medical diet because he has diabetes. He alleges that he began being denied medications and the proper diet, and that he had to use commissary items to stop attacks. He declares that he informed Ms. Saxton that he was being denied medical treatment, that Ms. Saxton "did nothing to change things". He declares that Ms. Saxton knew about and concurred with the decision to withhold insulin and diet.

Mr. Howard's argument is that he alerted Ms. Saxton about the lack of, denial of and interference with his established medical regime for his diabetes, but she purposely interfered with and denied him access to medical care. A supervisor can only be liable if she knew abut the conduct and facilitated it, approved it, condoned it, or ignored it. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995).

3

Ms. Saxton can only be liable if Mr. Howard demonstrates that constitutionally deficient medical care occurred at her direction or with her knowledge and consent.

Ms. Saxton's affidavit states that the jail, under the direction of the jail physician, has a medical policy in place. When Mr. Howard was incarcerated, the jail had two nurses on staff, working Monday through Friday and on call over the weekend. Ms. Saxton is not a physician or a nurse, so she defers to the medical judgment of the jail physician and nurses concerning the medical care of the inmates. Ms. Saxton's affidavit details the medical treatment Mr. Howard received from May 28, 2002, when he was booked into the jail, until July 5, 2002.

The attachment to Ms. Saxton's affidavit includes three medical complaint forms, two medical response forms, five inmate grievance forms, one inmate medical screening report, daily logs from June and July of blood sugar levels taken four times a day, doses of insulin given, commissary items, and daily snacks, three diet order cards, one sheet of physicians orders, three pages of progress notes, the inmate account ledger, five interoffice e-mails, one incident report, and two letters to Mr. Howard. Those documents establish that Mr. Howard received daily medical attention while at the jail.

Ms. Saxton isn't the physician who treated Mr. Howard, yet Mr. Howard argues that because she knew of his problems and did nothing to change the situation that she was deliberately indifferent. Mr. Howard's submission would not support a finding that Ms. Saxton ever interfered with his medical treatment. Even though Ms. Saxton was aware of Mr. Howard's complaints, she wasn't deliberately indifferent in not changing his medical care. "When the defendants are not

4

themselves physicians or other trained medical practitioners, deference to the advice or treatment of a physician generally will not constitute deliberate indifference." Stokes v. Sood, No. 01-C-3778, 2001 WL 1518529, at 3 (N.D. Ill. Nov. 29, 2001). "This is not to say that prison officials may substitute their judgment for a medical professional's prescription. Of course they cannot." Zentmyer v. Kendall County, 220 F.3d 805, 812 (7th Cir. 2000); *see also* Greeno v. Daley, 414 F.3d 645 (7th Cir. 2005) (defendant who was not medical personal was not deliberately indifferent given that he investigated the complaints and referred them to the medical providers who could be expected to address Greeno's concerns.) Like the defendant in Greeno, Ms. Saxton was aware of Mr. Howard's medical issues, and referred him to the medical department for treatment.

Ms. Saxton's summary judgment motion pointed out the fact and law that would keep Mr. Howard from succeeding on his claim against him, *see* Timms v. Frank, 953 F.2d 281, 285-286 (7th Cir. 1992); Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982). Because Ms. Saxton met her initial obligation under FED. R. CIV. P. 56, the burden fell upon Mr. Howard to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, to allow a factfinder to decide the case in his favor. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). When a non-moving party does not make such a showing, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 884 (1990), *citing* Celotex Corp. v. Catrett, 477 U.S. at 323. Mr. Howard hasn't met that burden because he hasn't provided admissible evidence that Ms. Sexton was deliberately

5

indifferent in allowing the jail medical staff to change his insulin prescription and his medically prescribed diet.

For the foregoing reasons, the court GRANTS the defendant's motion for summary judgment (docket #44).

ENTERED:      October 6, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court